**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000555
09-AUG-2024
08:13 AM
Dkt. 66 ORD**

NO. CAAP-20-0000555


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KRISTOPHER KEALOHA, Plaintiff-Appellee,
and
WALTER R. SCHOETTLE, Real Party In Interest-Appellant,
v.
NOLAN ESPINDA, FRANCIS SEQUEIRA, LYLE ANTONIO, MICHAEL HOFFMAN,
SHARI KIMOTO, DOVIE BORGES, DALLEN PALEKA, MONICA CHUN, JOHN
MAGUIRE, and JOHN CREGOR, Defendants-Appellees,
and
PAULO FAASUAMANU, KAIPO FIATAO, JOSH AKEO, and DENNIS NAGANUMA,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181000773)


ORDER DISMISSING APPEAL[1]
(By: Leonard, Acting Chief Judge, Hiraoka, Nakasone, JJ.)


In this appeal, self-represented Real Party-in-
Interest-Appellant Walter R. Schoettle (**Schoettle**), formerly the

---

[1] As this is a dismissal order, no judgment will be entered.

plaintiff's attorney,[2] challenges the Circuit Court of the First Circuit's (**Circuit Court**)[3] award of the defendants' attorney's fees and costs as a discovery sanction against the plaintiff. The plaintiff did not appeal.  We dismiss for lack of standing.

Schoettle appeals from the Circuit Court's January 28, 2020 "Order Awarding Attorney's Fees and Costs to [Defendants-Appellees] Nolan Espinda, Francis Sequeira, Lyle Antonio, Michael Hoffman, Shari Kimoto, Dovie Borges, Dallen Paleka, Monica Chun, John Maguire, and John Cregor [(collectively, **Defendants**)]" (**Order Awarding Attorney's Fees and Costs**) and from the August 11, 2020 "Order Denying Plaintiff's Motion for Relief from Order Awarding Attorney's Fees and Costs" (**Order Denying Relief**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we dismiss.

On May 17, 2018, Plaintiff Kristopher Kealoha (**Plaintiff**) filed a Complaint against numerous State employee defendants, alleging a conspiracy to commit civil rights violations and intentional infliction of severe emotional distress.

Following a November 25, 2019 hearing, the Circuit Court issued a December 24, 2019 order granting Defendants' Motion to Compel Discovery, which stated:  "Plaintiff must pay Defendants' reasonable attorney's fees and costs incurred in bringing this motion[.]"

---

[2]     On April 1, 2021, after this appeal was filed, the Circuit Court granted Schoettle's "Motion to Withdraw" as the plaintiff's counsel.

[3]     The Honorable Jeffrey P. Crabtree presided.

On January 28, 2020, the Circuit Court filed the Order Awarding Attorney's Fees and Costs of $1,825.00 to Defendants. The same day, although it is not entirely clear, it appears that Schoettle filed on his own behalf, and not Plaintiff's, a "Motion for Relief from Order Awarding Attorney's Fees and Costs" (**Motion for Relief**),[4] which the Circuit Court denied. Schoettle did not claim to be a real party-in-interest. Schoettle did not seek to intervene, permissibly or by right—therefore no request for intervention was denied—and Schoettle did not otherwise assert that he was entitled to party status.

Schoettle timely filed a Notice of Appeal.[5]  It is clear that Schoettle filed the Notice of Appeal on his own behalf, not the Plaintiff's, as he identifies himself as the Appellant pro se.

We conclude that Schoettle, who was not a party to the underlying action, lacks standing to appeal the Order Awarding Attorney's Fees and Costs and the Order Denying Relief.

> Generally, the requirements of standing to appeal are: (1) *the person must first have been a party to the action*; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, *i.e.*, the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawaiʻi 176, 181, 145 P.3d 719, 724 (2006) (quoting Kepoʻo v. Watson, 87 Hawaiʻi 91, 95, 952 P.2d 379, 383 (1998)).

---

[4]     The Motion for Relief stated, "Comes now, WALTER R. SCHOETTLE, pursuant to [Hawaiʻi Rules of Civil Procedure (**HRCP**)], Rule 60(b)(6), and seeks relief from the Order Awarding Attorney's Fees and Costs, filed January 28, 2020, upon the grounds that said award is not authorized by [HRCP], Rule 37."

[5]     The Notice of Appeal denotes Schoettle as "*Appellant*" and "Appellant, *pro se*."

3

Here, Schoettle was not a party to the underlying action, and lacked standing to challenge these orders in the trial court.  See id.  As Defendants correctly point out, the December 24, 2019 order that first triggered Plaintiff's obligation to pay Defendants' attorney's fees and costs expressly stated that **"Plaintiff** must pay Defendants' reasonable attorney's fees and costs incurred in bringing this motion."  Schoettle was not "aggrieved" by the Order Awarding Defendants' Attorney's Fees and Costs, or the related Order Denying Relief, and lacks standing to bring this appeal.  See id.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed.

DATED:  Honolulu, Hawaiʻi, August 9, 2024.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge